UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
July 28, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Richard Laird, et. al., | § § § § § § § § § § | |
| Plaintiffs, | | |
| versus | | Civil Action H-20-1438 |
| Mountain Air Helicopters, Inc., | | |
| Defendant. | | |

# Opinion Denying Summary Judgment

1. *Background.*

    Mountain Air Helicopters, Inc., supplied a helicopter to the United States Department of Agriculture Forestry Service under an exclusive-use government contract. Under the contract, the helicopter was to be stationed at the National Forest and Grasslands in Texas' Huntsville Helibase for 100 days each year from 2019 through 2022.

    During a controlled burn for the United States Forest Service in the Sam Houston National Forest, the helicopter crashed. Daniel Laird died, and Kelly Calahan was severely injured.

    Laird's family and Kelly Calahan sued Mountain Air for negligence. The Lairds' claims were dismissed, but Calahan's claims remain. Mountain Air moved for summary judgment based on derivative sovereign immunity and the government contractor defense. It will fail.

2. *Derivative Sovereign Immunity.*

    Under the derivative sovereign immunity doctrine, Mountain Air would not be liable if the Forestry Service's authority to carry out the project was validly

conferred and it adhered to the contract.[1] To succeed on its motion for a summary judgment, Mountain air must show that no genuine issue of material fact exists that the project was authorized by Congress and that it complied with the terms of its contract.

Mountain Air says that maintaining and operating the helicopter during the controlled burn is a discretionary act for which the government has not waived sovereign immunity. It also claims that it complied with the terms of the contract because it provided the helicopter and pilot for exclusive use by the Forest Service.

Calahan claims that Mountain Air did not adhere to the contract because it: (a) used the wrong maintenance instructions for de-fueling, (b) cut the safety wire when it disconnected the fuel line, (c) did not attach the safety wire when it reconnected the fuel line, and (d) did not inspect the safety wire after maintenance and during pre-flight inspections.

The contract specifies that Mountain Air must comply with Federal Aviation Administration (FAA) regulations and the manufacturer's maintenance and operations manuals. The FAA found that Mountain Air did not de-fuel the helicopter in compliance with the manufacturer's maintenance manual or instructions. The record also shows that the safety wire was not attached and that the main fuel supply line was loose.

Mountain Air has not shown that no genuine issue of material fact exists that it complied with the contract by following the manufacturer's maintenance procedures and FAA regulations.

3. *Government Contractor Defense.*

Under the government contractor defense, Mountain Air would not be liable if: (a) the government approved reasonably precise specifications; (b) the

---

[1] *Yearsley v. W.A. Ross Const. Co.*, 309 U.S. 18, 20 (1940); see also *Taylor Energy Co., LLC. v. Luttrell*, 3 F.4th 172, 176 (5th Cir. 2021).

helicopter conformed to the specifications; and (c) Mountain Air warned the government about the dangers it knew in using the helicopter.[2]

Mountain Air says that the Forest Service specified every aspect of its obligations under the contract, and that the maintenance weight and balance was exclusively a Forest Service requirement. It also claims that, because the Forest Service's aircraft inspector examined and approved the helicopter for use, it conformed to the specifications. Finally, it says that it did not know about an unsafe condition on the helicopter, so it did not warn the Forest Service about any dangers.

Calahan says that the government contractor defense applies to a design defect claim. In the alternative, Calahan says that, even under the Eleventh Circuit's extension of the defense to helicopter maintenance procedures, Mountain Air still has not shown that no genuine issue of material fact exists that: (a) the government prescribed the maintenance procedure, (b) Mountain Air conformed to the procedure, and (c) Mountain Air warned the Forest Service about the dangers in relying on the procedures that were known to it but not to the government.[3]

A design defect is not at issue here. Calahan claims that Mountain Air's failure to comply with the *contract* caused the helicopter crash. Even if the defense extended to maintenance procedures, Mountain Air has still not met its burden. The contract specifies that Mountain Air had to follow FAA regulations and manufacturer guidelines for maintenance. The record does not show that the Forest Service prepared precise maintenance procedures sufficient to satisfy the first element of the defense. Again, the record shows that Mountain Air did not comply with the maintenance procedures under the contract.

Mountain Air has not shown that no genuine issue of material fact exists that it complied with the government's prescribed procedures and did not warn the government about the dangers because it knew of none.

---

[2] *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

[3] *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1335 (11th Cir. 2003).

4. *Conclusion.*

The motion for summary judgment of Mountain Air Helicopters, Inc., will be denied.

Signed on July 28, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge